# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| In re: | * |
| Yolande E. Essangui, | *   Case No. 16-12984 (JFS) |
| Debtor. | *   Chapter 7 |

* * * * * * * *

|  |  |
|---|---|
| Yolande E. Essangui, | * |
| Plaintiff, | *   Adversary Proceeding |
|  |     Case No. 16-00201 (JFS) |
| vs. | * |
| Firstmark Services et al., | * |
| Defendants. |  |

* * * * * * * * * * * *

**DEFENDANT, SLF V-2015 TRUST'S ANSWER TO DEBTOR'S AMENDED COMPLAINT TO DETERMINE PRIVATE STUDENT LOAN DISCHARGABLE AS NOT A QUALIFIED EDUCATION LOAN COVERED BY 11 U.S.C. §523(a)(8)**

Now comes Defendant, SLF V-2015 Trust (hereinafter "Defendant"), by and through undersigned counsel, and respectfully denies each allegation set forth in Plaintiff's Amended Complaint unless specifically admitted herein and further answers as follows:

**Nature of the Action**

1.      Defendant states that paragraph one (1) of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary.  However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph one (1) of Plaintiff's Amended Complaint for want of sufficient knowledge.

**Jurisdiction and Venue**

2. Defendant admits the allegations contained in paragraph two (2) of Plaintiff's Amended Complaint.

3. Defendant states that paragraph three (3) of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph three (3) of Plaintiff's Amended Complaint for want of sufficient knowledge.

4. Defendant states that paragraph four (4) of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph four (4) of Plaintiff's Amended Complaint for want of sufficient knowledge.

5. Defendant states that paragraph five (5) of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph five (5) of Plaintiff's Amended Complaint for want of sufficient knowledge.

**Factual Allegations**

6. Defendant denies the allegations contained in paragraph six (6) of Plaintiff's Amended Complaint for want of sufficient knowledge.

7. Defendant denies the allegations contained in paragraph seven (7) of Plaintiff's Amended Complaint for want of sufficient knowledge.

8. Defendant denies the allegations contained in paragraph eight (8) of Plaintiff's Amended Complaint for want of sufficient knowledge.

9. Defendant denies the allegations contained in paragraph nine (9) of Plaintiff's Amended Complaint for want of sufficient knowledge.

10. Defendant denies the allegations contained in paragraph ten (10) of Plaintiff's Amended Complaint for want of sufficient knowledge.

11. Defendant denies the allegations contained in paragraph eleven (11) of Plaintiff's Amended Complaint for want of sufficient knowledge.

12. Defendant denies the allegations contained in paragraph twelve (12) of Plaintiff's Amended Complaint for want of sufficient knowledge.

13. Defendant denies the allegations contained in paragraph thirteen (13) of Plaintiff's Amended Complaint for want of sufficient knowledge.

14. Defendant denies the allegations contained in paragraph fourteen (14) of Plaintiff's Amended Complaint for want of sufficient knowledge.

15. Defendant denies the allegations contained in paragraph fifteen (15) of Plaintiff's Amended Complaint for want of sufficient knowledge.

16. Defendant denies the allegations contained in paragraph sixteen (16) of Plaintiff's Amended Complaint for want of sufficient knowledge.

17. Defendant denies the allegations contained in paragraph seventeen (17) of Plaintiff's Amended Complaint for want of sufficient knowledge.

## First Claim for Relief

*Declaration that The Firstmark Loan is not a Student Loan*

18. Defendant denies the allegations contained in paragraph eighteen (18) of Plaintiff's Amended Complaint for want of sufficient knowledge.

19. Defendant states that paragraph nineteen (19) of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph nineteen (19) of Plaintiff's Amended Complaint for want of sufficient knowledge.

20. Defendant states that paragraph twenty (20) of the Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph twenty (20) of Plaintiff's Amended Complaint for want of sufficient knowledge.

21. Defendant states that paragraph twenty-one (21) of the Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph twenty-one (21) of Plaintiff's Amended Complaint for want of sufficient knowledge.

## Second Claim for Relief

*Declaration that The AUA Loans are not Student Loans*

22. Defendant denies the allegations contained in paragraph twenty-two (22) of Plaintiff's Amended Complaint for want of sufficient knowledge.

23. Defendant states that paragraph twenty-three (23) of the Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph twenty-three (23) of Plaintiff's Amended Complaint for want of sufficient knowledge.

24. Defendant states that paragraph twenty-four (24) of the Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary. However, to the extent

that an answer is deemed required,  Defendant denies the allegations contained in paragraph twenty-four (24) of Plaintiff's Amended Complaint for want of sufficient knowledge.

Dated:  June 6, 2016    Respectfully submitted,

/s/  Michael J. Klima, Jr.
Michael J. Klima, Jr., #25562
Peroutka, Miller, Klima & Peters, P.A.
8028 Ritchie Highway, Suite 300
Pasadena, MD 21122
Telephone: (410) 553-9491
Email:  jklima@peroutkalaw.com

Counsel for Defendant,
SLF V-2015 Trust

WWR#  ▮▮▮8020

## CERTIFICATE OF SERVICE

   I hereby certify that on _____June 6, 2016____, a copy of the foregoing **Defendant, SLF V-2015 Trust's Answer to Plaintiff's Amended Complaint** was served upon the following registered ECF participants, **electronically** through the Court's ECF system at the email addresses registered with the Court:

Ronald J. Drescher, Attorney for Plaintiff, rondrescher@drescherlaw.com

   AND via ordinary U.S. Mail service to the following non-registered ECF participants:

Ronald J. Drescher, Esq.
4 Reservoir Circle, Suite 107
Baltimore, MD 21208

Golden Tree Asset Management, LP
300 Park Avenue, 21st floor
New York, NY 10022

Citibank, N.A.
P.O. Box 6191
Sioux Falls, SD 57117-6191

DeVry Medical International, Inc.
630 U.S. Highway One
North Brunswick, NJ 08902

University Accounting Service, LLC
P.O. Box 918
Brookfield, WI 53008-0918

GSED Trust
200 West Street, 26th floor
New York, NY 10282

American University of Antigua
c/o Manipal Education Americas, LLC
One Battery Park Plaza, 33rd floor
New York, NY 10004

Dated:  June 6, 2016　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　/s/  Michael J. Klima, Jr.
　　　　　　　　　　　　　　　　　　Michael J. Klima, Jr., #25562
　　　　　　　　　　　　　　　　　　Peroutka, Miller, Klima & Peters, P.A.
　　　　　　　　　　　　　　　　　　8028 Ritchie Highway, Suite 300
　　　　　　　　　　　　　　　　　　Pasadena, MD 21122
　　　　　　　　　　　　　　　　　　Telephone: (410) 553-9491
　　　　　　　　　　　　　　　　　　Email:  jklima@peroutkalaw.com

　　　　　　　　　　　　　　　　　　Counsel for Defendant,
　　　　　　　　　　　　　　　　　　SLF V-2015 Trust


WWR# ▮8020