UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | ) Case No. 16-12984 |
| Yolande E. Essangui | ) Chapter 7 |
| Debtor | ) |
| Yolande E. Essangui | ) |
| Plaintiff | ) |
| v. | ) Adv. Proc. No. 16-00201 |
| Firstmark Services<br>Golden Tree Asset Management, LP<br>Citibank, N.A.<br>DeVry Medical International, Inc.<br>University Accounting Service, LLC<br>GSED Trust<br>American University of Antigua | ) |
| Defendants | ) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GSED TRUST'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant GSED Trust I ("GSED Trust"), by and through its undersigned counsel, respectfully files this Memorandum of Law in support of its Motion to Dismiss Plaintiff Yolande E. Essangui's ("Plaintiff") Amended Complaint as it relates to the Second Claim for Relief (defined below) pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012 and in support thereof states as follows:

## PRELIMINARY STATEMENT

For the reasons shown below, the Amended Complaint against GSED Trust should be dismissed. In the Amended Complaint, the Plaintiff does nothing more than recite section 523(a)(8)(B) of the Bankruptcy Code, and allege, without citing any facts in support thereof, that her AUA Loans (defined below) are not "educational loans" and should be discharged. The Amended Complaint does not contain a single factual allegation supportive of the conclusory allegation that the AUA Loans are not "educational loans." Therefore, the Amended Complaint fails to state a claim for which relief can granted. Simply citing the elements of one subsection of the Bankruptcy Code is not sufficient to amount to a well-pled complaint. The federal pleading rules, as interpreted by the Supreme Court, clearly require more than this.

## BACKGROUND

On May 5, 2016, the Plaintiff filed an Amended Complaint in this adversary proceeding to seek a determination that her student loans are not "educational loans" and therefore are subject to discharge in her bankruptcy case. The Amended Complaint asserts two (2) counts, but only one (1) count -- the second one -- is against GSED Trust, and in that count (the "Second Claim for Relief"), the Plaintiff merely recites the formulaic text of section 523(a)(8)(B) of the Bankruptcy Code. A copy of the Complaint is attached hereto as Exhibit A.

The Amended Complaint recites almost no facts. The facts alleged in the Amended Complaint related to the Second Claim for Relief can be summarized in one sentence: Between 2009 and 2010, the Plaintiff enrolled in a medical program at American University of Antiqua ("AUA"), and to finance her education, the Plaintiff received a series of private loans (the "AUA Loans") (Compl. ¶¶ 9-15).

Student loans are excepted from discharge in bankruptcy, absent undue hardship, pursuant to section 523(a)(8) of the Bankruptcy Code.[1] For the reasons set forth below, the Plaintiff's Amended Complaint is legally insufficient and fails to state any claim upon which relief can be granted and should be dismissed.

## ARGUMENT

In order to determine whether a complaint states a "claim upon which relief can be granted," courts look to what a party is required to plead. Bankruptcy Rule 7008(a) provides that "Rule 8 F.R.Civ.P. applies in adversary proceedings." Under the Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading requirements of Federal Rule of Civil Procedure 8(a)(2) must satisfied for a complaint to survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

The Plaintiff's Amended Complaint must dismissed because it is legally insufficient under the Federal Rules of Civil Procedure and under the standards established by the Supreme Court in Iqbal and Twombly. As set forth in Iqbal, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). And, although Rule 8(a)(2) may not always require detailed factual allegations, it requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. "[N]aked assertion[s]" will not do. Ashcroft v. Iqbal, 556 at 678 (quoting Twombly, 550 U.S. at 557). The test is whether the complaint "succeeds in 'identifying facts that are suggestive enough to render [the claim] plausible.'" See Watts v. Florida Int'l University, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556).

---

[1] Plaintiff noted in paragraph one of the Amended Complaint that "any debt as may be determined to be an 'educational loan' constitutes an undue hardship for the Debtor and should be discharged" (Comp. ¶ 1) but other than noting such request under "Nature of Action" failed to include any claim for relief for undue hardship in the Amended Complaint.

3

Following Twombly and Iqbal, courts have routinely dismissed cases that cite only "[t]hreadbare recitals of the elements of a cause of action." See, e.g., Nemet Chevrolet Ltd. V. Consumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). When considering a motion to dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 7012(b), the court must dismiss a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Amended Complaint fails to set forth any factual allegations and rather merely recites the elements of one subsection of section 523(a)(8) of the Bankruptcy Code. Merely reciting the statutory elements of a cause of action does not satisfy the standard for a well-plead complaint. See., e.g., In re Caremerica Inc., No. 06-02913-9, 2009 WL 2253241 (Bankr. E.D.N.C. Jul. 28, 2009) (bankruptcy court, applying the analysis mandated under Iqbal and Twombly, dismissed section 548 claims because the complaint merely recited the statutory elements of the cause of action).

Section 523(a)(8) of the Bankruptcy Code exempts from discharge student loan obligations owed by the debtor. See 11 U.S.C. 523(a)(8). Section 523(a)(8) states that:

(a) A discharge . . . does not discharge an individual from any debt -

\* \* \* \*

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for -

> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> > (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual. . . .

11 U.S.C. § 523(a)(8).

4

Although the Plaintiff's Amended Complaint makes the bare assertion that the "AUA Loans are not 'educational loans' within the meaning of section 523(a)(8) of the Bankruptcy Code" (Compl. ¶ 23), the Plaintiff does not allege any facts to support that bare assertion. Indeed, the Amended Complaint contains no allegations of fact regarding the AUA Loans, other than the Plaintiff used the AUA Loans to finance her education at AUA. "A complaint may be dismissed if the facts pled do not state a claim for relief that is plausible on its face." Sinaltrainal v. Coca-Cola, Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 662). As set forth under Twombly and Iqbal, to survive a motion to dismiss, a complaint must assert some factual allegations which show that relief is plausible. And although factual allegations in a complaint can be taken as a true, a court should not accept as true conclusions of law. Iqbal, 556 at 678. The Plaintiff's Amended Complaint simply does not give rise to a plausible inference that the AUA Loans are not "educational loans."

Here, the allegations contained in the Amended Complaint, even when viewed in the light most favorable to the Plaintiff, do not establish that the Plaintiff is entitled to relief. Not only does the Plaintiff fail to allege any facts to support the assertion that the AUA Loans are not "educational loans" under section 523(a)(8)(B), the Plaintiff completely ignores that a debt is not required to be an "educational loan" under section 523(a)(8)(B) to be exempt from discharge under section 523(a)(8). The GSED Trust disputes the assertion that the AUA Loans from AUA, an accredited college of medicine, are not "educational loans" under section 523(a)(8)(B). But even assuming *arguendo* that assertion was correct, the AUA Loans are nondischargeable. The Plaintiff has not asserted in the Amended Complaint any facts, much less assertions or allegations, that the loans are dischargeable under the other provisions of section 523(a)(8). Accordingly, even if the Plaintiff's allegations that the loans are not "educational loans" under section 523(a)(8)(B) in the Amended Complaint are taken as true, the loans would still remain nondischargeable under section 523(a)(8).

As set forth above, the Amended Complaint fails to meet the pleading standard established by the Supreme Court in <u>Iqbal</u> and <u>Twombly</u>. Under such circumstances, there is no basis to sustain the Amended Complaint, and the Amended Complaint against GSED Trust and the Second Claim for Relief should be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the GSED Trust respectfully asks that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint, and that the Second Claim for Relief in the Amended Complaint be dismissed with prejudice.

By:     /s/ *[signature]*

Arnold & Porter LLP
Rosa J. Evergreen (#19610)
Charles A. Malloy
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Rosa.evergreen@aporter.com
(202) 942-5000

*Attorneys for GSED Trust I*

## CERTIFICATE OF SERVICE

I, Rosa J. Evergreen, hereby certify that on this 28th day of June 2016, a true and correct copy of the foregoing was served via ECF upon all parties registered to receive service via ECF in this case.

/s/ _____
Rosa J. Evergreen