IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| Yolande E Essangui | * | Case No. 16-12984 |
| | * | Chapter 7 |
| Debtor | | |
| * * * * * * * * | * * * * * | |
| Yolande E Essangui | * | |
| Plaintiff | * | Adv. No. 16-00201 |
| v. | * | |
| Firstmark Services | * | |
| SLF V 2015 Trust | | |
| 121 S. 13th Street., Suite 201 | * | |
| Lincoln, NE 68508 | | |
| | * | |
| And | | |
| | * | |
| Golden Tree Asset Management, LP | | |
| 300 Park Avenue | * | |
| 21st Floor | | |
| New York, NY 10022 | * | |
| | * | |
| And | | |
| | * | |
| Citibank, N.A | | |
| P.O. Box 6191 | * | |
| Sioux Falls, SD 57117-6191 | | |
| | * | |
| And | | |
| | * | |
| DeVry Medical International, Inc. | | |
| 630 U.S. Highway One | * | |
| North Brunswick, NJ 08902 | | |
| | * | |
| And | | |

Case 16-00201    Doc 13-1    Filed 06/28/16    Page 2 of 6
Case 16-00201    Doc 3-1    Filed 05/04/16    Page 2 of 6

| | |
|---|---|
| University Accounting Service, LLC | * |
| P.O. Box 918 | |
| Brookfield, WI 53008-0918 | * |
| | |
| And | * |
| | |
| GSED Trust | * |
| 200 West St | |
| 26th Floor | * |
| New York, NY 10282 | |
| | * |
| And | |
| | * |
| American University of Antigua | |
| c/o Manipal Education Americas, LLC | * |
| One Battery Park Plaza | |
| 33rd Floor | * |
| New York, NY 10004 | |
| | * |
| Defendants. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEBTOR'S AMENDED COMPLAINT TO DETERMINE PRIVATE STUDENT LOAN DISCHARGEABLE AS NOT A QUALIFIED EDUCATION LOAN COVERED BY 11 U.S.C. § 523(A)(8)**

Debtor, by her undersigned attorney, alleges as follows:

**Nature of the Action**

1.   This is an adversary proceeding by which the Debtor seeks a declaration that her loan from defendants do not constitute an "educational loan" under Bankruptcy Code section 523(a)(8) and, therefore, such loans should not be excepted from discharge under section 523 of the Bankruptcy Code.  In the alternative, the Debtor seeks a declaration that any such debt as may be determined to be an "educational loan" constitutes an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

2

**Jurisdiction and Venue**

2. On March 8, 2016, the Debtor filed a voluntary petition in this Court for relief under chapter 7 of the Bankruptcy Code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**Factual Allegations**

6. From March 31, 2008 to July 11, 2008, the Debtor enrolled in a Medical Education Readiness Program ("MERP") at DeVry Medical International ("DMI").

7. To finance her participation in the MERP, Debtor applied for and received a private loan from Defendant Citibank, N.A sold to Defendant Golden Tree Asset Management, LP and serviced by Defendant Firstmark Services ("Firstmark").

8. On or around March 26, 2008 Defendant Citibank, N.A disbursed approximately $23,670 to Defendant DMI on behalf of Debtor (the "Firstmark Loan").

9. Thereafter between 2009 and 2010 Debtor enrolled in a medical program at American University of Antigua ("AUA").

10. To finance her enrollment at AUA Debtor applied for and received a series of private loans from AUA.

11. On January 21, 2009, loan no. xxxxxxx7002 in the original amount of $ 20,608.50 was disbursed on the Debtor's behalf.

12. On May 1, 2009, loan no. xxxxxxx7003 in the original amount of $ 19,274.20 was disbursed on the Debtor's behalf.

3

13. On September 8, 2009 loan no. xxxxxxx7004 in the original amount of $15,754.20 was disbursed on the Debtor's behalf.

14. On April 14, 2010 loan no. xxxxxxx6023 in the original amount of $33,281.28 was disbursed on the Debtor's behalf.

15. The foregoing loans are hereinafter collectively referred to as the "AUA Loans".

16. All defendants are either present or former owners or servicers of the AUA Loans.

17. On April 13, 2016 the Chapter 7 trustee issued his Report of No Distribution.

**First Claim for Relief**

*Declaration That The Firstmark Loan Is Not A Student Loan*

18. The Debtor repeats and realleges all previous allegations of this Complaint as if fully set forth herein.

19. Section 523(a)(8) of the Bankruptcy Code states that an "educational loan that is a qualified educational loan" is defined by reference to "section 221(d)(1) of the Internal Revenue Code of 1986." 11 U.S.C. § 523(a)(8). Section 221(d) of the Internal Revenue Code of 1986 states that a " 'qualified education loan' means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses--(a) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred, (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and (C) which are attributable to education furnished during a period during which the recipient was an eligible student." 26 U.S.C. § 221(d)(1). The term "qualified higher education expenses" is defined in 11 U.S.C. § 221(d)(2).

20. The Debtor is informed and believes, and thereupon alleges, that the Firstmark Loan is not an "educational loan" within the meaning of section 523(a)(8) of the Bankruptcy Code.

21. As a result, that amount of the debt due and/or serviced by Firstmark is subject to any discharge the Debtor will receive in this case pursuant to Bankruptcy Code section 727.

WHEREFORE, the Debtor demands judgment: (i) declaring that Firstmark's loan to Debtor is not an "educational loan" and, therefore, is subject to any discharge the Debtor will receive in this case pursuant to Bankruptcy Code section 727; and (ii) for such other and further relief as the Court may deem just and proper.

### Second Claim for Relief

*Declaration That The AUA Loans Are Not Student Loans*

22. The Debtor repeats and realleges all previous allegations of this Complaint as if fully set forth herein.

23. The Debtor is informed and believes, and thereupon alleges, that the AUA Loans are not "educational loans" within the meaning of section 523(a)(8) of the Bankruptcy Code.

24. As a result, that amount of the debt due and/or serviced by Defendants are subject to any discharge the Debtor will receive in this case pursuant to Bankruptcy Code section 727.

WHEREFORE, the Debtor demands judgment: (i) declaring that the AUA Loans to Debtor are not "educational loans" and, therefore, are subject to any discharge the Debtor will receive in this case pursuant to Bankruptcy Code section 727; and (ii) for such other and further relief as the Court may deem just and proper.

*/s/Ronald J. Drescher*
RONALD J. DRESCHER

Bar No. 08712
4 Reservoir Circle
Suite 107
Baltimore, MD 21208
rondrescher@drescherlaw.com
(410) 484-9000

Counsel for the Plaintiff
Yolande Essangui