IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:                                              *

Yolande E Essangui                                  *        Case No. 16-12984

            Debtor
*      *      *      *      *      *      *      *      *      *      *      *

Yolande E Essangui                                  *

            Plaintiff                               *        Adv. No. 16-00201

v.                                                  *

Firstmark Services, et al.                          *

            Defendants.                             *

*      *      *      *      *      *      *      *      *      *      *      *

## PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS DEEMED ADMITTED

Plaintiff, Yolande E Essangui, by and through her undersigned attorney, hereby respectfully requests that she be permitted to withdraw admissions deemed admitted in connection with Requests for Admission propounded by Defendant SLF V-2015 Trust in this adversary proceeding, as follows:

1.      Plaintiff is an individual residing in the State of Maryland. Defendant is the assignee of a private student loan that Plaintiff borrowed as further set forth below.

2.      Plaintiff has previously attended in 2008 a Medical Education Review Program ("MERP") in connection with her application for admission to Ross University School of Medicine. According to a website description, the MERP "is a program designed and offered by Dominica Management, Inc. in cooperation with the Faculty of the Ross University School of Medicine".

1

3.      Plaintiff borrowed money from Defendant's assignor in order to finance her education at MERP.

4.      Plaintiff initiated this Chapter 7 case on March 8, 2016 and initiated this adversary proceeding on April 21, 2016. Although several other defendants were named in the Complaint, only Defendant remains.

5.      The basis for this adversary proceeding is that the loans the Plaintiff borrowed to attend MERP are not within any of the exceptions enumerated in Section 523(a)(8) of the Bankruptcy Code. In short, Plaintiff believes that such loans are not "qualified educational loans" within the meaning of section 221(d)(1) of the Internal Revenue Code of 1986 as required by section 523(a)(8)(B). Plaintiff believes that the subject loan is a private student loan and not a stipend, government backed loan or other grant within the scope of Section 523(a)(8)(A).

6.      Defendant served discovery upon Plaintiff on February 28, 2017. Included within the discovery requests were requests for admission. Specifically, request for admission no. 1 asked for Plaintiff to admit: "Admit that each loan that you seek to discharge in this adversary proceeding is an educational loan made, insured or guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution, or funds received as an educational benefit, or a qualified educational loan, as defined by section 221(d)(1) of the Internal Revenue Code of 1986."

7.      Plaintiff believes that the responses to the requests for admission were due by April 3, 2017. However, due to communication issues between Plaintiff and her attorney, a denial of this request for admission was not delivered to counsel for Defendant until April 12, 2017, nine days later. Nevertheless, under Rule 36 of the Federal Rules of Civil Procedure, incorporated into this adversary proceeding by Rule

7036 of the Federal Rules of Bankruptcy Procedure, this request for admission was deemed admitted.

8.      Subsequently, on April 19, 2017, Plaintiff served more comprehensive responses both to the requests for admissions and other discovery requests propounded by the Defendant. Specifically, Plaintiff denied request for admission no. 1 as follows:

> ADMISSION NO. 1: Admit that each loan that you seek to discharge in this adversary proceeding is an educational loan made, insured or guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution, or funds received as an educational benefit, or a qualified educational loan, as defined by section 221(d)(1) of the Internal Revenue Code of 1986.

> RESPONSE: Denied. This loan was not a qualified educational loan as the program itself is not an eligible program and not accredited under Title IV of the Higher Education Act .  MERP is a private for profit program created by Devry Medical International for students who are NOT eligible to attend Ross University School of Medicine/ RUSM and are giving conditional acceptance to RUSM only after successful completion MERP ( as described on their website).

>  After passing MERP classes with private loan, Ross University gave me federal loans for my first semester in September 2008 as an eligible medical student ( refer to Citibank letter ). MERP students are not eligible for Federal loans. I did not seek to include the Federal loans obtained in connection with RUSM on this adversary proceeding,  since they were qualified education loans with the intention to earn a medical doctorate degree from an eligible school RUSM. However, I ended up being academically dismissed from Ross University after my first semester ( see attached transcript).

Other responses made on April 19, 2017 to the Defendant's requests for admission essentially admitted the requests but clarified that Plaintiff attended MERP and not DeVry Medical International.

9.      Notwithstanding that by Plaintiff's failure to respond to the requests for admissions on April 3, 2017 such requests are deemed admitted, Rule 36(b) provides a mechanism for a party to withdraw an admission:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be

> withdrawn or amended. Subject to Rule 16(e), the court may
> permit withdrawal or amendment if it would promote the
> presentation of the merits of the action and if the court is not
> persuaded that it would prejudice the requesting party in
> maintaining or defending the action on the merits.

FRCP 36(b).

10.    The Fourth Circuit has clearly stated that a district court is vested with discretion "not to deem the requests for admission as admitted." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). Moreover, the Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). This is especially true when there is no prejudice to the adverse party and when the party seeking to withdraw admissions "timely and unequivocally made clear that she does not intend to admit wholesale the contentions in" the requests for admissions. 1. *Webb v. Green Tree Servicing, LLC*, 2013 U.S. Dist. LEXIS 140205 *64.

11.    In this case, the Plaintiff seeks to withdraw the admission to the legal conclusions included in Defendant's Request for Admission No. 1 and to otherwise clarify the responses to the requests deemed admitted. Indeed, admitting the request for admission no. 1 would effectively terminate this proceeding. Furthermore, as indicated on page 2 of the attached Financial Aid Planning Guide for the American University of the Caribbean School of Medicine (a part of the Devry Education Group family), "Students accepted to the Medical Education Readiness Program (MERP) *are not eligible for federal student loans*" (emphasis added). Plaintiff believes that this fact by itself is dispositive in this litigation. Therefore, withdrawal of this admission is critical to resolving this case on the merits.

12.    Moreover, there is no prejudice to Defendant in that discovery remains open, the Plaintiff has served responses to Defenses discovery requests and the

summary judgment deadline and the trial in this case are not scheduled until May 31, 2017 and October 14, 2017 respectively. Indeed, the Court has already extended the discovery cutoff at the request of Defendant [*see* Dkt. No. 37].

13.    Under the circumstances, where there has been no prejudice to the Defendant and the 4th Circuit has a strong preference to decide cases on their merits, Plaintiff requests:

      a.  That this court allow Plaintiff to withdraw the responses to the requests for admission which were deemed admitted;

      b.  Allow the Plaintiff's response to requests for admission served on April 19, 2017 to stand as Plaintiff's response to Defendant's requests for admissions served in this adversary proceeding; and

      c.  Grant such other and further relief as this Court deems just and proper.

Dated: April 19, 2017

                    By:    */s/Ronald J. Drescher*
                            RONALD J. DRESCHER
                            (No. 08712)
                            Drescher & Associates, P.A.
                            4 Reservoir Circle
                            Suite 107
                            Baltimore, MD 21208
                            (410) 484-9000
                            Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Motion* was sent

via the Court's ecf system on this the 19th day of April, 2017 to:

Michael J. Klima, Jr.
Peroutka, Miller, Klima & Peters, P.A.
8028 Ritchie Highway, Suite 300
Pasadena, MD 21122


_____/s/_____
Ronald J. Drescher