IN THE UNITED STATES BANKRUPTCY COURT
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re: | * | |
| Yolande E Essangui | * | Case No. 16-12984 |
| | * | Chapter 7 |
| Debtor | | |
| * * * * * * * * | * | * * * * * |
| Yolande E Essangui | * | |
| Plaintiff | * | Adv. No. 16-00201 |
| v. | * | |
| Firstmark Services, et al. | * | |
| Defendants. | * | |
| * * * * * * * * | * | * * * * * |

**Plaintiff's Response to Defendant SLF V-2015 Trust's First Set of Interrogatories,**

**Request for Admissions, and Request for Production of Documents**

**Plaintiff Yolande E. Essangui ("Plaintiff") hereby responds to** the **First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents** propounded by Defendant SLF V-2015.

**INTERROGATORIES**

Interrogatory No. 1:    Identify the person or persons answering these Interrogatories ("respondent(s)"), the age, current residential address, and current marital status of respondent(s), the person or persons

who assisted the respondent(s) in such preparation of these answers, and all documents utilized to prepare these answers.

**ANSWER: Yolande Essangui, 34 years old, 418 Woodlake CT Apt C,  Glen Burnie , MD 21061, single/never married.  Documents used are from the 2008 emails communication between plaintiff and Ross University regarding the MERP program.  Citibank email correspondence and letter.  Ross University transcript. MERP ( Medical Education Readiness Program) website was also used as reference (www.medschoolprep.com). Freeport News-Grand Bahamas First's Newspaper (http://freeport.nassauguardian.net/PrintPage/MERP-Bids-Farewell) . http://medical.rossu.edu/medical-school/admissions/MERP.cfm http://medical.rossu.edu/medical-school/documents/Ross-Financial-Aid-FAQs.PDF**

Interrogatory No. 2:      Identify all persons that you may call as witnesses at trial, including any expert witnesses, their relationship to you, and what subject matter and/or testimony they will be called upon to provide.

**ANSWER: Yolande Essangui. Unknown representatives of Ross University and the Medical Education Readiness Program.**

Interrogatory No. 3:      State the dates of your attendance at DeVry Medical International ("DMI").

**ANSWER: Objection: this Interrogatory improperly assumes attendance at DMI. Answering, Plaintiff states March 31, 2008 to July 11, 2008 for MERP and September 2008 to December 2008 at Ross University**

**Interrogatory No. 4:**    Provide a list of classes attended at DMI including the semester and year of attendance.

**ANSWER:  Objection: this Interrogatory improperly assumes attendance at DMI. Answering, Plaintiff states 15 week -from  March 31, 2008 to July 11, 2008-  Medical Education Review Program at the following address      7000 SW 62nd Avenue , Penthouse A ,**

**South Miami FL, 33143.   A list of courses included ( Human Anatomy/basic histology, Medical Physiology,  Medical Microbiology/ Immunology , and Medical Biochemistry).**

Interrogatory No. 5:      Indicate whether you graduated from DMI and the degree achieved.

**ANSWER: Objection: this Interrogatory improperly assumes attendance at DMI. Answering, Plaintiff states I did not graduate from DMI and no degree was awarded. There was a acceptance into first semester at Ross University School of Medicine in Dominica , West Indies upon completion of  the MERP. According to the MERP website "** The purpose of the Medical Education Readiness Program is to prepare prospective students to be successful as a medical student. Students accepted into this program are conditionally admitted into medical school, and will not be awarded any kind of degree or credential other than a certificate of completion".

Interrogatory No. 6:      Describe why you attended DMI.

**ANSWER: Objection: this Interrogatory improperly assumes attendance at DMI. Answering, Plaintiff states I attended the MERP due to conditional acceptance to Ross University upon passing the MERP classes.**

Interrogatory No. 7:      State whether textbooks were used at classes you attended at DMI.

**ANSWER: Objection: this Interrogatory improperly assumes attendance at DMI. Answering, Plaintiff states Yes.**

Interrogatory No. 8:      Indicate the amount of time spent in classes per week and the average amount of time spent outside of classes studying per week.

**ANSWER: Classes were usually held from 8 am until afternoon.  The rest of the day was dedicated to studying.**

Interrogatory No. 9:    If any of the request for admissions were not admitted, provide an explanation as to why the interrogatory was not admitted.

Answer: See detailed response to Request for Admission No.1.

## REQUESTS FOR ADMISSION

**ADMISSION NO. 1:** Admit that each loan that you seek to discharge in this adversary proceeding is an educational loan made, insured or guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution, or funds received as an educational benefit, or a qualified educational loan, as defined by section 221(d)(1) of the Internal Revenue Code of 1986.

**RESPONSE: Denied. This loan was not a qualified educational loan as the program itself is not an eligible program and not accredited under Title IV of the Higher Education Act . MERP is a private for profit program created by Devry Medical International for students who are NOT eligible to attend Ross University School of Medicine/ RUSM and are giving conditional acceptance to RUSM only after successful completion MERP ( as described on their website). After passing MERP classes with private loan, Ross University gave me federal loans for my first semester in September 2008 as an eligible medical student ( refer to Citibank letter ). MERP students are not eligible for Federal loans. I did not seek to include the Federal loans obtained in connection with RUSM on this adversary proceeding,  since they were qualified education loans with the intention to earn a medical doctorate degree from an eligible school RUSM. However, I ended up being academically dismissed from Ross University after my first semester ( see attached transcript).**

**ADMISSION NO. 2:**  Admit that Plaintiff signed or otherwise authorized a promissory note ("Note" or "Loan") on March 20, 2008 with Citibank N.A. and used the proceeds to attend DMI.

**RESPONSE: Yes.  Private student loans were the only financial aid option offered to attend this program, since it was not accredited and therefore student  were not qualified to receive Title IV funding. On the other hand, Citibank offered me Federal Loans to attend my first semester at Ross University ( see attached email document) . All Ross students are eligible students and are given the option to apply for Federal loans , unlike MERP students. http://medical.rossu.edu/medical-school/documents/Ross-Financial-Aid-FAQs.PDF**

**ADMISSION NO. 3:**  Admit that you authorized the funds from the Note to be paid to Ross University on your behalf.

**RESPONSE: Yes**

**ADMISSION NO. 4:**  Admit that Ross University is affiliated with DMI and Ross University joined DeVry Education Group in 2003.

**RESPONSE:The MERP is a program designed and offered by Dominica Management, Inc. bought by DMI  in cooperation with the Faculty of the Ross University School of Medicine. MERP is a separate program from Ross University and does not have Title IV funding,  unlike Ross University. Also, acceptance into MERP does not guarantee acceptance into Ross University as MERP was created for  ineligible students at Ross University  who did not qualify for admission to gain admission at Ross.  MERP operates independently from Ross University with its own administration and staff as a private program , as stated on their website and attachment document  from Kevin Niessen (Q MERP course description and MARCH MERP documents).**

 **According to Ashley Penn from The Freeport Newspaper,  "** MERP is operated by Devry Medical International, which is a subsidary of the larger company Devry. MERP has a formal relationship with Ross University School of Medicine, such that students who are granted conditional acceptance to Ross University are then invited to enroll in the MERP Program. When they complete that program, they are

then eligible to matriculate to Ross."  In addition, the Q MERP course description document emphasizes that *MERP will be viewed as a one-semester chance for a student to qualify for admission to Ross University School of Medicine.*

**ADMISSION NO. 5:**  Admit that Ross University received funds from the Note on your behalf.

> **RESPONSE: yes**

**ADMISSION NO. 6:**  Admit that you used the funds received from the Note for an educational benefit.

> **RESPONSE: Yes.**

**ADMISSION NO. 7:**  Admit that the balance of the loan that you seek to discharge in this adversary proceeding, consist of Principal $37,175.25, plus interest through 1/20/17 of $2,083.84, with a per diem of $7.893375.

> **RESPONSE: Yes. However, the original balance was $23,670 and not all of it was used to pay for the program fees and books as the remaining loan was used for rent as well as living expenses in South Miami , Fl . The refunded amount was about $11,802.  (refer to the attached email in regards to refund).**

**ADMISSION NO. 8:**  Admit that the loan that you seek to discharge in this adversary proceeding is held by SLF V-2015 Trust.

> **RESPONSE: Yes .  An update on my TransUnion credit report showed that between December 28, 2016 and January 11, 2017, the creditor name on this account was changed from FIRSTMARK/SLF V-2015 to FIRSTMARK/GS2 TRUST .**
> **GS2 TRUST 2016-A**
> **121 S 13TH ST**

LINCOLN, NE 68508

(888) 538-7378

**ADMISSION NO. 8:**  Admit that you received an educational benefit from the proceeds of the Note by attending DMI

RESPONSE: No. I regret attending MERP  and Ross University ( Refer to ADMISSION NO. 1 Answer).

**ADMISSION NO. 9:**  Admit that you obtained knowledge that you did not otherwise have by attending classes at DMI.

RESPONSE: The knowledge obtained from the MERP program did not help me succeed at Ross University, since I FAILED the first semester and got academically dismissed from Ross University on December 2008. Therefore,  knowledge gained and the purpose of the MERP was USELESS  for me .

**ADMISSION NO. 10:**  Admit that the instructors taught the classes attended by you at DMI.

RESPONSE: Objection: this Request for admission improperly assumes attendance at DMI. Answering, Plaintiff states Yes.

**ADMISSION NO. 11:**  Admit that you attended classes at DMI.

RESPONSE: Objection: this Request improperly assumes attendance at DMI. Answering, Plaintiff states Yes. MERP in South Miami, Fl ( under private loan) and Ross University in Dominica ( Federal loans) .

**ADMISSION NO. 12:**  Admit that the purpose of your attendance at DMI was to obtain a degree.

**RESPONSE:  Objection: this Response improperly assumes attendance at DMI. Answering, Plaintiff states The purpose of attending MERP was to  BE ELIGIBLE to gain acceptance at Ross University. Although Ross University is an accredited school and  joined DMI , the MERP program is independent and was not attended with the intent to obtain a degree. The MERP program only offers conditional acceptance to Ross University without offering a degree, therefore it is not an eligible program.**

**ADMISSION NO. 13:**  Admit that the purpose of attending DMI was to learn about the practice of medicine.

**RESPONSE: Objection: this Response improperly assumes attendance at DMI. Answering, Plaintiff states I attended MERP to get ready for Ross University medical school program, but it ended up being useless as I FAILED my first semester at Ross University and even got academically dismissed in December 2008 ( Refer to attached transcript).  The MERP program covered only a small portion of basic science program for the medical doctor curriculum.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following:

**Request 1:** Completes copies of transcripts and tuition statements for all post-secondary education you have attended from the date of enrollment through the date of response to these requests.

Request 2:  Produce any and all documents that you intend to use at trial.

All such documents to be produced.

Dated: April 19, 2016

By:/s/
RONALD J. DRESCHER (No. 08712)
Drescher & Associates, P.A.
4 Reservoir Circle
Suite 107
Baltimore, MD 21208
(410) 484-9000
Counsel for Plaintiff

## <u>CERTIFICATION</u>

I hereby certify that the foregoing statements made by me are true; that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; and that the existence of other reports of said expert, either written or oral are unknown to me.

I further certify that these Interrogatories shall be deemed continuing until the time of trial and that any responsive information becoming known to me subsequent to the filing of answers hereto shall be supplied by supplemental answers, together with existence of any experts' reports later discovered or becoming available.

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of Court.

Dated: _____                    _____
                                                      Yolande Essangui

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Response to Discovery Requests was sent via U.S. mail, postage prepaid, on this the 19th day of April, 2017 to:

Michael J. Klima, Jr.
Peroutka, Miller, Klima & Peters, P.A.
8028 Ritchie Highway, Suite 300
Pasadena, MD 21122


_____/s/_____
Ronald J. Drescher