# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| Yolande E Essangui | * | Case No. 16-12984 |
| | * | Chapter 7 |
| Debtor | | |
| * * * * * * * * | * | * * * * * |
| Yolande E Essangui | * | |
| Plaintiff | * | Adv. No. 16-00201 |
| v. | * | |
| Firstmark Services, et al. | * | |
| Defendants. | * | |
| * * * * * * * * | * | * * * * * |

**ANSWERS OF GS2 GRANTOR TRUST 2016-A, ASSIGNEE OF SLF V-2015 TRUST TO PLAINTIFF'S INTERROGATORIES**

1.   Identify any and all persons having knowledge of the facts relevant or material to the allegations of the Complaint and/or Answer, and with regard to each individual so named, give a narrative description of the facts or factual areas in which he or she is knowledgeable.

Answer:
Defendant objects to this Interrogatory on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably limited in temporal scope.


Subject to and without waiving the foregoing objections, Defendant answers that Nelnet services the account for Defendant and employees of Nelnet have knowledge of the facts relevant to Plaintiff's complaint.  Defendant identifies Troy Anderson, Associate Account Manager, Client Services, Nelnet Servicing, LLC, d/b/a Firstmark Services, Woodbury, MN: 877-303-0533; Lisa Cohen, representative of the GS2 Grantor Trust 2016-A, assignee of SLF V-2015 Trust 402 W. Broadway, Suite 2000, San Diego, CA 92101; a representative of Ross University who has yet to be identified.

2. Identify each person whom you expect to call at trial as an expert witness, stating the subject matter on which he/she is expected to testify, his/her field of expertise and the full and detailed qualifications, training, professional and practical experience, education and degree obtained by each person.

Answer:

Not applicable.

3. As to each person named in the answer to interrogatory 2, state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Attach to the answers to these interrogatories copies of all written reports submitted to you (or detailed resume if reports were oral) of each person named in the answer to interrogatory 2.

Answer:

Not applicable.

4. State whether or not there are any other reports in existence from the particular experts named, either written or oral. If the answer is in the affirmative, attach to the answers to these interrogatories clear copies of all such reports. If any such report, either written or oral, subsequently becomes known to you or becomes available, submit copies thereof in supplemental answers to these interrogatories.

Answer:

Not applicable

5. Set forth the names, addresses and fields of expertise of any person, other than those named in the answer to interrogatory 2, who has been retained, specifically employed or consulted by you in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial and the subject matter on which said person was consulted.

Answer:

Not applicable

6. Do you contend that any declaration against interest with regard to the issues in this lawsuit have been made by any party hereto?

Answer:

Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved.

Subject to and without waiving the foregoing objections, Defendant answers that it is unable to answer the interrogatory as it does not understand the question being asked.

       7.      If the answer to interrogatory 6 is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such declaration against interest, the name and address of the person making the declaration against interest, the names and addresses of all persons present when the declaration against interest was made, the place where and the time when the declaration against interest was made. If the declaration against interest was reduced to writing, annex a copy hereto.

Answer:

Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved.

Subject to and without waiving the foregoing objections, Defendant answers that it is unable to answer the interrogatory as it does not understand the question being asked.

       8.      Do you contend that any admissions with regard to the issues in this lawsuit have been made by any party hereto or by any director, officer, agent and/or employee of any party hereto?

Answer:

Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved.

Subject to and without waiving the foregoing objections, Defendant answers that it is unable to answer the interrogatory as it does not understand the question being asked.

9. If the answer to interrogatory 8 is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such admission, the name and address of the person making the admission, the names and addresses of all persons present when the admission was made. If the admission was reduced to writing, annex a copy hereto.

Answer:

Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved.

Subject to and without waiving the foregoing objections, Defendant answers that it is unable to answer the interrogatory as it does not understand the question being asked.

10. Identify any and all documents which have any bearing on the factual questions at issue in the present litigation.

Answer:
Defendant objects to this Interrogatory on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably limited in temporal scope.

Subject to and without waiving the foregoing objections, Defendant answers that it believes the applicable documents include:

Copy of original note with Citibank
Copy of Disclosure Statement dated March 25, 2008
Copy of Disclosure Statement dated March 26, 2008
Copy of Disclosure Statement dated March 28, 2008
Service History Comments (34 pages)
Borrower Transaction History

11. Did you receive any statement, either written or oral, from any person relating in any way to this litigation? If the answer to this interrogatory is in the affirmative, as to each such statement, please set forth: (a) the date on which the statement was obtained, (1,) the person who provided the statement, (c) the substance of the statement, (d) the identity of each and every person who was present when the statement was received. If the statement was in writing, annex to these answers to interrogatories a clear copy of the statement.

Answer:
Defendant objects to this Interrogatory on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably limited in

temporal scope. Defendant objects to this Interrogatories to the extent that they purport to require the disclosure of information subject to the attorney work product protection, the attorney client privilege, or any other applicable privilege.  Defendant objects to this Interrogatories to the extent that they purport to require the disclosure of information that is not within Defendant's possession, custody, or control.  Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved.  Defendant objects to the Interrogatories to the extent that they are cumulative, duplicative, harassing, oppressive, and/or unduly burdensome, and fail to seek, and are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant answers that all information related to this account from the date Plaintiff filed her adversary complaint, April 21, 2016, through December 30, 2016, is included in the Service History Comments included with the Answers to Request for Production of Documents.

      12.    If you contend that any loans due to you by the Plaintiff are "qualified education loans" within the meaning of 11 U.S.C. § 523(a)(8) and Section 221(d) of the Internal Revenue Code of 1986 state all facts upon which you rely in making such contention.

Answer:
Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved and calls for a legal conclusion.  Defendant objects to the Interrogatories to the extent they seek information outside the scope of that permissible by Bankruptcy Rules and purport to require the disclosure of information that would be more practically obtained through a deposition.

Subject to and without waiving the foregoing objections, Defendant answers that Ross University is a Title IV school as identified by ED School Code G22460.  See http://www.finaid.org/fafsa/20071101FederalSchoolCodeList.pdf at page 76.  The Disclosure Statement indicates the funds advanced were distributed directly to Ross University as requested by Plaintiff.  Defendant reserves the right to include other facts or testimony at the trial or motion for summary judgment in this adversary proceeding.

      13.    Designate for each and every interrogatory answered herein which of such information is not within the personal knowledge of the person certifying these answers and as to that information, state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description including the location thereof.

Answer:
Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved and calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant answers that it relies upon http://www.finaid.org/fafsa/20071101FederalSchoolCodeList.pdf in determining that Ross University is a Title IV school.

14. Identify by name, address and title each individual who either supplied information used for or participated in the drafting of these answers to interrogatories. For each person identified (a) if that individual assisted in the drafting of an answer, identify by interrogatory number each answer which the individual assisted in drafting, (b) if that individual supplied information which was used in preparation of an interrogatory answer, state by interrogatory number, each answer for which the individual supplied information and identify the information supplied. If the source of the information was documentary, identify in detail the documents from which the information was obtained.

Answer:

Not applicable.

15. Itemize each and every obligation that you allege is due and owing to you by the Plaintiff.

Answer:

Plaintiff owes Defendant, under the CitiAssist Health Professions Loans Online:

Principal $37,175.25, plus interest through 1/20/17 of $2,083.84, with a per diem of $7.893375.

16. Identify each advance of funds that you allege you have made to or for the benefit of Plaintiff.

Answer:
Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved as to what is meant by "advance of funds."

Subject to and without waiving the foregoing objections, Defendant answers that under the Citibank promissory note and Disclosure Statement, $23,670 was advanced to Ross University on behalf of Plaintiff and Defendant is now the owner of the loan.

17. Identify each payment that you have received from or on behalf of the Plaintiff.

Answer:
Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved. Defendant objects to

the Interrogatories to the extent that they are cumulative, duplicative, harassing, oppressive, and/or unduly burdensome, and fail to seek, and are not reasonably calculated to lead to the discovery of admissible evidence

Subject to and without waiving the foregoing objections, Defendant answers payments made by Plaintiff or on behalf of Plaintiff are contained in the "Service History Comments" included with the answers to request for production of documents.

18.     If any of your responses to the accompanying Requests for Admission are not an unqualified admission, furnish any and all facts upon which you rely upon not making such unqualified admission.

Answer:
Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved and calls for a legal conclusion.  Defendant objects to the Interrogatories to the extent they seek information outside the scope of that permissible by Bankruptcy Rules and purport to require the disclosure of information that would be more practically obtained through a deposition.

Subject to and without waiving the foregoing objections, Defendant answers that Ross University is a Title IV school as identified by ED School Code G22460.  See http://www.finaid.org/fafsa/20071101FederalSchoolCodeList.pdf.  At page 76.  The funds advanced were distributed directly to Ross University as requested by Plaintiff pursuant to the Disclosure Statement.  Defendant reserves the right to include other facts or testimony at the trial or motion for summary judgment in this adversary proceeding.


/s/Michael J. Klima, Jr.___
MICHAEL J. KLIMA, JR.
8028 Ritchie Highway
Suite 300
Pasadena, MD 21122
410-768-2280
Attorney for Defendant
Attorney File Number 16-13093

Case 16-00201    Doc 44-3    Filed 06/30/17    Page 9 of 11

8

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing Answers to *Interrogatories* was served electronically on March 8, 2017 on::

Ronald Drescher, Esq.
Drescher & Associates, P.A.
4 Reservoir Circle Suite 107
Baltimore, MD 21208

                                    /s/Michael J. Klima, Jr.\_\_\_\_
                                    Michael J. Klima, Jr.

## VERIFICATION

I, Troy Anderson, Associate Account Manager, Client Services, Nelnet Servicing, LLC, d/b/a Firstmark Services, servicer for GS2 Grantor Trust 2016-A, assignee of SLF V-2015 Trust, being first duly sworn says that the responses relating to Plaintiff's Interrogatories directed to the Defendant SLF V-2015 Trust are true and accurate to the best of my knowledge, unless otherwise noted herein.

Nelnet Servicing, LLC d/b/a Firstmark Services, Servicer for GS2 Grantor Trust 2016-A, assignee of SLF V-2015

By: _____
Troy Anderson, Associate Account Manager

Sworn to before me and subscribed in my presence this 8th day of March, 2017.

_____
Notary Public

SUSAN E. CAMPBELL
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20014030336
MY COMMISSION EXPIRES APRIL 17, 2021

9